**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON CHAMBERS, | ) | CASE NO. 1:26-cv-531 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

I.      INTRODUCTION

*Pro se* plaintiff Brandon Chambers, a federal prisoner currently incarcerated at FCI Hazelton, has filed a complaint against Defendants United States of America and Attorney Russell S. Bensing. (ECF No. 1). The complaint is titled "Complaint to Revive Judgment", citing Ohio Rev. Code § 1341.07, and states that it is related to Plaintiff's prior criminal case—*United States v. Chambers*, No. 1:21-cr-848 (N.D. Ohio). (*Id.* at PageID #1). The complaint appears to be an effort by Plaintiff to collect money from the Government and his defense attorney with relation to the fine and assessment imposed as part of his sentence in the aforementioned case. Plaintiff asks the Court to take judicial notice of the judgment, specifically the imposition of fines in that case.[1] (*Id.* at PageID #2). He claims his attorney, Mr. Bensing, assumed his liabilities on November 2, 2021.[2] (*Id.* at PageID #4). For relief, Plaintiff asks the Court, in relevant part, to issue an order reviving the criminal judgment and a writ of execution "for the enforcement of the judgment." (*Id.* at PageID #4).

---

[1] In case no. 1:21-cr-848, the district court imposed a $2,000 fine and a $200 assessment, with the interest requirement waived. Judgment, ECF No. 91, *United States v. Chambers*, No. 1:21-cr-848 (N.D. Ohio Dec. 8, 2023).
[2] According to the docket in case no. 1:21-cr-848, this is the date that Mr. Bensing was appointed as counsel for Plaintiff.

1

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2).  He also filed a motion for order of possession, pursuant to Ohio Rev. Code § 2737.01 ("Possession Motion").  (ECF No. 3).  For the reasons discussed below, the IFP Motion is **DENIED**, the Possession Motion is **DENIED**, and Plaintiff's complaint is **DISMISSED**.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915, courts may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  However, a prisoner is prohibited from bringing a civil action without prepayment of fees or security if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g)

In interpreting the "three strikes" language of this section, the Sixth Circuit Court has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).  With respect to the imminent danger exception, the danger must be present at the time the complaint is filed, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."), and the threat of serious physical injury "must be real and proximate", *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir.

2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562.

## III. DISCUSSION

Plaintiff has filed at least three prior civil cases in this Court, while being incarcerated, that were dismissed under 28 U.S.C. § 1915(e). *See, e.g.*, Mem. Op. and Order, ECF No. 9, *Chambers v. US District Court, Northern District of Ohio, Eastern Division*, No. 1:23-cv-2057 (N.D. Ohio Sept. 24, 2024) (dismissed under 28 U.S.C. § 1915(e) for failure to state a claim); Op. and Order, ECF No. 5, *Chambers v. County of Mahoning*, No. 4:23-cv-2136 (N.D. Ohio Jan. 17, 2024) (same)); Mem. of Op., ECF No. 5, *Chambers v. United States District Court for the Northern District of Ohio, Eastern Division*, No. 1:23-cv-2177 (N.D. Ohio Nov. 29, 2023) (dismissed under 28 U.S.C. § 1915(e) for failure to state a claim and failure to exhaust). In addition to these cases, Plaintiff has filed at least two cases in this Court where his application to proceed *in forma pauperis* was denied pursuant to 28 U.S.C. § 1915(g). *See, e.g.*, Order of Dismissal, ECF No. 3, *Chambers v. United States*, No. 1:24-cv-1221 (N.D. Ohio Oct. 11, 2024); Mem. Op. and Order, ECF No. 3, *Chambers v. United States*, No. 1:24-cv-1629 (N.D. Ohio Oct. 15, 2024). The Court also finds that Plaintiff has not alleged, nor do the facts of this case otherwise demonstrate, that he is in "imminent danger or serious physical injury." Accordingly, the imminent danger exception to § 1915(g) does not apply. Thus, Plaintiff is prohibited from proceeding in this action without prepayment of fees. *See* 28 U.S.C. § 1915(g).

The Court separately finds that this complaint would be subject to *sua sponte* dismissal under: (i) 28 U.S.C. § 1915A, which requires a district court to dismiss as soon as practicable after docketing any civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity that is frivolous or malicious, fails to state a claim, or seeks

monetary relief from a defendant who is immune, *see Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); and (ii) *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), which permits dismissal for lack of subject matter jurisdiction "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Plaintiff's complaint is a frivolous attempt to collect monetary criminal penalties from the Government and his appointed defense attorney that were imposed against him as part of a sentence.  There is no basis in law or fact to support such a claim.[3]  Thus, allowing payment of the filing fee would ultimately be futile.

Finally, the Court notes that Plaintiff's repetitive frivolous lawsuits and motions have created a strain on this Court.  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, the Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  *Id.*  Thus, Plaintiff is cautioned that if he continues to file frivolous, premature, or otherwise improper motions, notices, and other documents, judges in this Court may impose additional restrictions on his ability to file cases, including a permanent injunction against proceeding *in forma pauperis* and requiring full payment of the filing fee at the inception of the case, and/or a permanent injunction against filing new cases without first seeking and obtaining leave of court.

---

[3] The United States would be entitled to sovereign immunity in this case absent an express waiver, which appears lacking here.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's IFP Motion is **DENIED** pursuant to 28 U.S.C. § 1915(g), the Possession Motion (ECF No. 3) is **DENIED,** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A and *Apple v. Glenn*.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 18, 2026

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**